Andre L. Verdun, ESQ. (SBN 265436)
**CROWLEY LAW GROUP**
401 West A Street, Ste 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
andreverdun@crowleylawgroup.com

Attorney for Plaintiff
Tina Verdun

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**TINA VERDUN,**

              Plaintiff,

       vs.

**I.C. SYSTEM, INC.,** and **DOES 1-10**

              Defendants.

Case No.: **'14 CV 0225 JM    JMA**

**COMPLAINT FOR DAMAGES**
**DEMAND FOR JURY TRIAL**

Plaintiff, TINA VERDUN, alleges the following:

## INTRODUCTION

1. Defendant, a debt collector, sent numerous letters and make numerous phone calls to Plaintiff in an attempt to collect a debt. Each call and letter was an attempt to collect more than Defendant had a legal right to collect.

2. According to 15 U.S.C. §1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

/ / /

**PARTIES**

3. TINA VERDUN ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the State of California, County of San Diego.

4. I.C. SYSTEM, INC. (ICS) is a debt collector. ICS' conduct is regulated by the Fair Debt Collection Practices Act codified under Title 15 USC *1692 et seq* and the California Rosenthal Act (Cal. Civ. Sec. 1788 *et seq*).

5. Defendant and defendants refer to all defendants, name and unnamed, as plaintiff alleges each are jointly and severally liable for the conduct alleged herein.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

7. Plaintiff will file an amended complaint if the true names and capacities of other now unknown defendants, whether individual, corporate, associate, or otherwise become known to plaintiff.

**JURISDICTION**

8. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"). Since defendants do business within California, there is personal jurisdiction.

/ / /

/ / /

COMPLAINT

## VENUE

10.     Venue is proper pursuant to 28 U.S.C. § 1391.

11.     At all times relevant, the defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS

12.     Plaintiff Tina Verdun is a consumer.

13.     Plaintiff is being pursued by Defendant for a medical bill. Plaintiff disputes the debt.

14.     The medical bill was incurred as a personal debt, and therefore the debt is a consumer debt.

15.     ICS is a debt collector. This is evidenced by their webpage that states "In 1938, I.C. System began as a two-person collection agency. Nearly 75 years later, I.C. System is one of the largest…receivables management company in the country"[1].

16.     ICS called Plaintiff on her cell phone on numerous occasions. The phone calls made from ICS to Plaintiff have been repeated, continuous and so great in the amount, that they have the natural consequences to annoy or harass. This conduct violates the 1692(d) and 1788.17 and 1788.11.

17.     On or about March, 2013, ICS sent a dunning letter to Plaintiff. Plaintiff received that letter sometime shortly thereafter. The letter that Plaintiff received demanded payment in the amount of $259.41 plus $56.00 in interest.

18.     The original contract was between Plaintiff and Xcelerate Physical Therapy (XPT). There was no agreement between plaintiff and XPT that XPT could seek the payment of interest upon breach.

---

[1] See, http://www.icsystem.com/who-we-are/careers/ 30-Jan-14

COMPLAINT

19.     Since XPT had not obtained a judgment against Plaintiff, and since there is no provision under the law that provides that Defendant could legally seek interest, the demand for interest is illegal. This demand violates 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692f, and therefore violates 1788.17.

20.     In *Gonzales v. Arrow Fin. Services, LLC*, 660 F. 3d 1055, 1063 (9th Cir. 2011), the Ninth Circuit held that "a literally true statement can still be misleading". *Id.* at 1062. (Citing to *Brown*, 464 F.3d at 455; *Avila v. Rubin*, 84 F.3d 222, 226–27 (7th Cir.1996)).

21.     It is common practice for debt collectors who are collecting debt from consumers in California to assert that California Civil Code Section 3289 as authority for attempting to collect 10% interest from breaching debtors in California. Notably, Section 3289(b) states that an obligation shall bear interest at a rate of 10 percent per annum "after a breach." Cal. Civ. Code Section 3289(b). Citing to California Civil Code Section 3289 as authority for defendant attempting to collect 10% interest is, however, misplaced.

22.     Plaintiff asserts on information and belief that defendant is relying on California Civil Code Section 3289 as authority for attempting to collect interest from Plaintiff.

23.     Whether a "breach" occurs is a legal determination and therefore interest based thereon would require a judgment establishing if and when a breach occurred. Whether an award for pre-judgment interest for breach of contract in California is awarded is "discretionary" or "mandatory" depending on whether the claim is a liquidated claim or an unliquidated claim.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

24.     Liquidated claims for breach of contract are governed by Cal. Civ. Code Section 3287(a). Cal. Civ. Code Section 3287(a) states in relevant part:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

25.     Therefore, when there is a breach on a contract with a liquidated claim, the non-breaching party is entitled to pre-judgment interest.

26.     On the other hand, unliquidated claims for breach of contract are governed by Cal. Civ. Code Section 3287(b). Cal. Civ. Code Section 3287(b) states in relevant part:

> Every person who is entitled under any **judgment** to receive damages based upon a cause of action in contract where the claim was unliquidated, **may also recover interest** thereon from a date prior to the entry of **judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed**. [emphasis added].

27.     As Cal. Civ. Code Section 3287(b) states clearly, the court may award pre-judgment interest in its discretion.

COMPLAINT

28.     Therefore, since Defendant is relying on Cal. Civ. 3289 to collect interest, and since Defendant nor their principal has obtained a judgment or court order authorizing interest, Defendant violated 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692f, and therefore violates 1788.17.

29.     As a result of Defendant's conduct, Plaintiff suffered actual harm when caused her loss of sleep, aggravation and anxiety.

## FIRST CAUSE OF ACTION

*(California Civil Code section 1788 et seq.)*

30.     Plaintiffs reaffirm and reallege paragraphs above herein as if specifically set forth more fully herein below.

31.     Defendants are included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq. as defined by California Civil Code § 1788.2(c).

32.     Plaintiffs are "person[s]" as defined by California Civil Code § 1788.2(g).

33.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

34.     The foregoing acts and omissions constitute numerous and multiple violations of California Civil Code section 1788 *et seq.,* including but not limited to Cal. Civ. Code section 1788.17 and 1788.11.

35.     It is believed that other violations of 1788 et seq. have been violated and if discovered during the process of discovery Plaintiffs will amend this complaint to allege the specific allegations setting forth the violations.

36.     As a result of violation of California Civil Code § 1788 et seq. plaintiffs are entitled to statutory damages in the amount of $1,000, actual

COMPLAINT

damages in an amount to be determined at trial from defendants, and attorney fees and cost.

37.     Plaintiff also seeks additional damages provided under 1788.17.

38.     Plaintiffs did suffer actual damages; inter ailia, legal fees incurred trying to protect their interest, adverse effects to their health, distress, aggravation and anxiety suffered by the plaintiffs, interest and penalties incurred from barrowing from their saving's, all as a result of defendant's conduct.

## SECOND CAUSE OF ACTION

### *(Title 15 USC 1692 et seq.)*

39.     Plaintiffs reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

40.     Defendants are "debt collectors" as defined by 15 USC 1692a(6).

41.     Plaintiff is a "consumer" as defined by 15 USC section 1692c(d) and 15 USC 1692a(3).

42.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

43.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including, but not limited to:

a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

b. Using false, deceptive, or misleading representations or means in connection with collection of a debt (§1692e);

c. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10); and,

d. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f).

44.     It is believed that other violations of 15 U.S.C. 1692 et seq. have been violated and if discovered during the process of discovery Plaintiffs will amend this complaint to allege the specific allegations setting forth the violations.

45.     Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In addition to the general ban on unfair or unconscionable means, this section expressly prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). This was violated.

46.     As a result of each and every violation of the FDCPA, the plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1) including inter ailia, legal fees incurred trying to protect their interest, adverse effects to their health, distress, aggravation and anxiety suffered by the plaintiffs, interest and penalties incurred from barrowing from their saving's, all as a result of defendant's conduct; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff TINA VERDUN prays for judgment against defendants as follows:

a. An award of actual damages pursuant to California Civil Code § 1788.30(a) and 1788.17, as well as common law;

COMPLAINT

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b );

c. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code§ 1788.30(c) and 1788.17.

d. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

e. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

g. Such other and further relief that may be just and proper.

Dated this: **January 30, 2014**

    /s/ Andre L. Verdun____
Andre L. Verdun
Attorney for the Plaintiff
TINA VERDUN

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, TINA VERDUN, by and through his attorney, Andre L. Verdun, and hereby demands a trial by jury in the above-captioned matter.

    /s/ Andre L. Verdun____
Andre L. Verdun
Attorney for the Plaintiff
TINA VERDUN

-10-

COMPLAINT