UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TINA VERDUN,<br><br>            Plaintiff,<br>v.<br>I.C. SYSTEM, INC.,<br><br>            Defendant. | CASE NO. 14-cv-225 JM (JMA)<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES |
|---|---|

On February 10, 2014, Plaintiff filed a motion seeking attorney's fees and litigation expenses, (Dkt. No. 6).  On March 10, 2014, Defendant filed an opposition to Plaintiff's request, (Dkt. No. 7), and Plaintiff filed a reply on March 15, 2014, (Dkt. No. 8).  The Court finds this matter suitable for decision on the papers and without oral argument pursuant to Local Civil Rule 7.1.  For the reasons set forth below, Plaintiff's motion is GRANTED IN PART, and Plaintiff is awarded $4,819.50 in attorney's fees accordingly.

**BACKGROUND**

On January 30, 2014, Plaintiff filed this action, claiming Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collections Practices Act ("CRFDCPA").

On February 4, 2014, Defendant made an offer of settlement pursuant to Federal Rule of Civil Procedure 68.  Defendant offered to settle the action for "$2,001 in

damages, plus reasonable attorney fees and costs incurred until and including 14 days after the making of this offer to be determined by the Court." (Dkt. No. 5, Ex. A). On February 4, 2014, Plaintiff filed a notice of acceptance of Defendant's Rule 68 offer.

On February 10, 2014, Plaintiff filed the instant motion for attorney's fees. The motion seeks $6,720 in attorney's fees for 19.2 hours spent by attorney Andre L. Verdun ("Verdun") at $350 per hour, as well as $26.25 in litigation costs. This results in a total request of $6,746.25. Defendant opposes the fee motion, arguing that the fee request should be significantly reduced because, among other things, counsel's hourly rate and the amount of time billed are excessive.

## **LEGAL STANDARD**

As noted above, Defendant agreed to settle this action in exchange for reasonable attorney's fees and costs. Moreover, "any debt collector who fails to comply with" the FDCPA is, "in the case of any successful action," liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Accordingly, the sole remaining issue is the appropriate amount of attorney's fees to be awarded.

The appropriate fee is determined by multiplying the number of hours reasonably worked on the litigation by a reasonably hourly rate, arriving at a "lodestar." McGrath v. Cnty. of Nev., 67 F.3d 248, 252 (9th Cir. 1995). After determining the lodestar figure, courts should determine whether the lodestar amount should be adjusted according to the Kerr factors. Id. (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). The Kerr factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the

1 professional relationship with the client; and (12) awards in similar cases. Kerr, 526
2 F.2d at 70.

## DISCUSSION

**A. Reasonable Hours**

Defendant raises several arguments regarding the reasonableness of Verdun's time spent on this case. The court addresses each of Defendant's concerns in turn.

**1. Excessive Time Spent**

First, Defendant argues that several of Verdun's billing entries are excessive and unreasonable in light of the tasks performed. (Def. Resp. 3-4). Defendant objects to Verdun having spent .6 hours reviewing records provided by the client and creating an index. Defendant suggests the sole document Plaintiff's counsel had to review was the allegedly impermissible letter sent by Defendant; however, Verdun contends he had to review Plaintiff's intake forms as well as all of the contracts between Plaintiff and Defendant to determine whether they provided for the payment of interest. Verdun argues he needed to review these documents in order to determine whether Plaintiff had a viable claim. The court agrees and finds the small amount of time billed for this process is reasonable under the circumstances.

Defendant also suggests Plaintiff's counsel unreasonably spent 1.1 hours researching recent federal cases on collecting interest in California, .5 hours reviewing documents from previous cases on whether charging interest without a contract or judgment is illegal, and .7 hours researching recent cases involving California Civil Code Section 3289. Defendant argues these entries are excessive because Plaintiff's counsel recently won a case by way of summary judgment dealing with the same issues alleged in this case. See Diaz v. Kubler, 2013 WL 6038344 (S.D. Cal. Nov. 6, 2013). Nevertheless, the court finds it reasonable for Verdun to have performed a quick review of current FDCPA case law prior to filing a claim in federal court. It is certainly possible that the Ninth Circuit may have issued a significant decision in the two months after the court's ruling in Diaz v. Kubler that could have impacted the viability of

Plaintiff's claim. Here, Verdun spent little more than two hours researching, which the court finds reasonable given his obligation to provide due diligence before filing a complaint.

Defendant objects to Verdun billing 4.5 hours for drafting the complaint when it is essentially a template created from his complaints in his previous FDCPA cases with additional excerpts from his Diaz v. Kubler motion for summary judgment included. While the complaints in these cases are similar for understandable reasons, the court agrees that Plaintiff's complaint is not so unique that it required 4.5 hours to draft in addition to the time spent researching the applicable law in this case. Considering the time necessary to make any factual changes, the court estimates 3 hours would have been more than sufficient for Verdun to adapt the complaints used in his other FDCPA cases to sufficiently address Plaintiff's claims here. Accordingly, the court will deduct 1.5 hours from Verdun's overall requested time.

Defendant also objects to Verdun having billed .3 hours for researching whether I.C. System, Inc. is considered a debt collector. In response, Verdun argues the statute requires the defendant to qualify as a debt collector in order to pursue a claim, and it was reasonable for him to spend time locating a previous summary judgment order holding that I.C. System, Inc. meets the statutory definition.[1] In this instance, the court again agrees with Defendant. Verdun has brought claims against I.C. System, Inc. previously and should therefore be aware of its status as a debt collector by now. Accordingly, the .3 hour entry will be excluded from the overall number of reasonable hours spent by Verdun.

Defendant also objects to Verdun having billed .2 hours for drafting a request to tax costs which has yet to be filed. Under the FDCPA and the terms of Defendant's offer of judgment, Plaintiff is entitled to recover costs associated with her claims. Accordingly, the court finds it reasonable for Verdun to bill for time spent drafting a

---

[1] Verdun argues he only billed 13 minutes to determine whether I.C. System, Inc. qualifies as debt collector. However, his billing document indicates he billed .3 hours, which essentially results in a bill for the full 18 minutes.

request for costs that will presumably be filed after the court issues an order on the motion for attorney's fees.[2]

### 2. Clerical/Paralegal Time

Defendant objects to several of Verdun's billing entries as secretarial tasks that are more properly considered attorney overhead. Thus, Defendant contends these entries are not billable to the client and should not be awarded as attorney's fees. Notably, similar objections to Verdun's billing entries were raised by Defendant in McGhee v. I.C. System, Inc., and the court declined to exclude these entries given the minimal amount of time, 2.9 hours, spent on these tasks. See McGhee v. I. C. System, Inc., 13-cv-909 MMA (MDD) (July 31, 2013), Dkt. No. 30 at 4. Here, the court reaches a similar conclusion. In total, Defendant objects to 1.7 hours spent by Verdun on supposedly administrative tasks, but the court notes these tasks were all necessary in order for Plaintiff to pursue her claim in court. Accordingly, the court declines to exclude these entries from Plaintiff's request.

### 3. Pre-Litigation Time Entries

Third, Defendant argues that any "pre-litigation" hours charged prior to commencement of suit should be excluded. Having reviewed these entries,[3] the court finds the time spent was largely reasonable, as it entailed necessary pre-filing legal research, communications with Plaintiff and opposing counsel, and tasks associated with filing a federal claim. From the initial review of Plaintiff's documents to the filing of the complaint on CM/ECF, it appears Verdun spent 8.3 hours preparing Plaintiff's case. As noted by the court in McGhee, "[w]hile the offer limits fees to those incurred up to [and] including 14 days after the offer was made, it does not set a starting date after which subsequent fees will be paid. Thus, an award for pre-litigation hours is within the plain language of the Rule 68 offer." McGhee v. I. C. System, Inc.,

---

[2] The court notes it reaches this conclusion based in part upon Verdun's representation to the court that his request for costs "will be filed shortly." Pl. Reply 6.

[3] Notably, Defendant objects to several of these entries on other grounds as well.

1 13-cv-909 MMA (MDD) (July 31, 2013) (Dkt. No. 30 at 5). The court agrees with this
2 conclusion and finds Verdun's pre-litigation efforts were reasonably undertaken in
3 preparation for filing Plaintiff's complaint.

### 4. Time Spent on Attorney's Fees Motion

Lastly, Defendant objects to the 5.1 hours billed to draft the instant motion for attorney's fees. Defendant argues that a request for attorney's fees should not result in a second major litigation, particularly given that this motion is nearly identical to the motions for attorney's fees filed by Verdun in McGhee v. I. C. System, Inc., 13-cv-00909 MMA (MDD) (Dkt. No. 19), and Diaz v. Kubler, 12-cv-1742 MMA (BGS) (Dkt. No. 69). Notably, Plaintiff's counsel makes no response to this argument in his reply brief. Having reviewed these documents, the court is inclined to agree with Defendant's assessment. The majority of the language in the instant motion can be found within Verdun's previously filed motions with minimal updates where required. The documents are so substantially similar that the court finds Defendant's request for 5.1 hours is excessive under the circumstances. Given the time required to update the factual information and ensure the legal propositions remain good law, the court estimates Plaintiff's motion for attorney's fees could have been completed within 3 hours and deducts 2.1 hours from Verdun's billing accordingly.

In sum, the court's exclusion of 3.9 total hours from Verdun's requested 19.2 hours results in a total of 15.3 hours reasonably spent on Plaintiff's case.

### B. Reasonable Hourly Rate

Plaintiff's counsel requests an hourly rate of $350 based on his approximately four years of experience, his attendance at numerous training courses and seminars regarding FDCPA cases, and his having handled large numbers of straightforward FDCPA cases on his own while associating with experienced consumer rights counsel

/ / /
/ / /
/ / /

1  on more complex cases.[4] Plaintiff's counsel provides a fee survey report conducted by
2  a leading consumer law attorney, Ronald L. Burdge, entitled "United States Consumer
3  Law Attorney Fee Survey Report" (2010-11).  The survey indicates that attorneys
4  practicing between 3 to 5 years bill an average rate of $347 in California region firms.
5  Plaintiff's counsel also provides the declarations of local attorney Michael Marrinan,
6  who agrees the requested rate is reasonable.

7  In contrast, Defendant contends a reasonable hourly rate for Mr. Verdun should
8  be established by comparison to the rates charged by his peers.  Defendant offers
9  attorney Suren Weerasuriya for comparison.  Weerasuriya was admitted to practice in
10 2011, he has focused solely on the FDCPA, and he works in a boutique law firm whose
11 only practice is consumer protection litigation under the FDCPA, RFDCPA, and
12 TCPA.  Weerasuriya's requested hourly rate is $225, and Defendant has provided
13 declarations from several plaintiff's attorneys attesting that $225 an hour for an
14 attorney of Weerasuriya's experience is reasonable.  For this reason, Defendant asks
15 that the court reduce Verdun's requested rate to $225 per hour.

16 The court finds Defendant's proposed reduction of Verdun's rate unreasonable
17 as it appears to be based primarily upon a singular comparison to one individual in the
18 legal community.  This is particularly true given recent decisions in the Southern
19 District finding $315 per hour to be a reasonable hourly rate for Verdun in cases much
20 like this one.  See Breidenbach v. Experian, 12-cv-1548 GPC (BLM) (June 11, 2013)
21 (finding $300 per hour to be a reasonable rate for attorney Verdun); McGhee v. I.C.
22 Systems, Inc., 13-cv-909 MMA (MDD) (July 31, 2013) (same); see also Stromme v.
23 Legal Recovery Law Offices, 11-cv-2608 BEN (JMA) (Sep. 24, 2012)(finding $300
24 per hour to be a reasonable rate for attorney Verdun).  The court finds the reasoning
25 articulated in these decisions persuasive and is not inclined to depart downward from
26 the $315 hourly rate previously award to Verdun.

---

[4] Plaintiff's motion states that Mr. Verdun is a "five year lawyer" on page 6;
however, the court presumes this was in error given the motion also indicates Verdun
remains ten months shy of reaching that mark.  Pl. Mot. 4-6.

1    Nor is the court inclined to increase Verdun's hourly rate. While Plaintiff argues
2 the requested $350 per hour is reasonable considering the average rate for consumer
3 law attorneys in California is $347, the court notes that average includes billing rates
4 for attorneys practicing in Los Angeles and San Francisco, legal communities which
5 may have substantially different billing rates from those ordinarily charged in the
6 Southern District.  In contrast, it has been less than a year since two district court
7 judges in the Southern District found $315 to be a reasonable hourly rate for Verdun,
8 and the court concludes this amount remains reasonable today.  This conclusion is
9 supported by Verdun's billing itself.  Verdun initially billed at the rate of $315 in this
10 case, only increasing his hourly rate to $350 once Defendant rejected his initial
11 attorney's fees request. Def. Resp., Flynn Decl. Ex. H (email from Verdun: "Just so
12 you are aware, the billing I sent to you before was at $315 an hour, my previously
13 approved rate, but I do believe my reasonable rate is now $350, and that will be my
14 request"). In light of these considerations, the court finds the $315 hourly rate Verdun
15 initially billed in this case to be more appropriate than the requested $350.
16 Accordingly, the court finds a reasonable hourly rate for Verdun's work is $315.

**C.  Lodestar**

Based on the court's conclusions set forth above, the court awards Plaintiff $5,292.00 in attorney's fees using the following lodestar calculation.

**Attorney's Fees:  15.3 hours  x   $315/hr.   =   $4,819.50**

Having considered the Kerr factors, the court finds no further reduction of the lodestar amount is necessary.

**D.  Litigation Expenses**

Plaintiff also seeks litigation expenses in the amount of $21.20 for printing costs and $5.05 for shipping costs. Plaintiff refers to 15 U.S.C. §1692k(a)(3) of the FDCPA which authorizes a successful plaintiff to recover the costs of the action.  However, Plaintiff has not provided any argument as to why these costs are not properly pursued within the bill of costs taxed by the Clerk of Court.  As this is the typical course for

pursuing costs associated with litigation, the court declines to award them herein. Thus, the requested $26.25 for litigation expenses is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for attorney's fees is GRANTED IN PART, and Plaintiff is awarded reasonable attorney's fees in the amount of $4,819.50.

**IT IS SO ORDERED.**

DATED: April 14, 2014

Hon. Jeffrey T. Miller
United States District Judge